1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GILDA ALVARADO,

          Debtor.

_____/

No. C 12-06478 PJH

Bankruptcy Case No. 12-32049 DM

**ORDER DENYING MOTION TO STAY**

       Appellant Albert M. Kun moves for an order staying, pending appeal, the October 10, 2012 order of the bankruptcy court requiring disgorgement of attorney's fees.  The United States Trustee opposes the motion to stay.  The briefs on the motion are fully submitted, and the court determines that the matter is suitable for decision without oral argument.  For the reasons set forth below, the motion to stay is DENIED.

**I.   Background**

       On July 10, 2012, Kun filed a petition for relief under Chapter 7 as counsel for debtor Gilda Alvarado.  Debtor filed a certificate of credit counseling which stated that she completed a course in credit counseling on November 29, 2011, or 224 days prior to filing.  Doc. no. 3-1 at 11 (appellant's designation of record on appeal).  Kun admits that the time between obtaining credit counseling and filing the petition was  "slightly over the 180 days provided by law."  Doc. no. 6 ¶ 2 (memorandum in support of motion to stay).  *See* 11 U.S.C. § 109(h) (requiring debtor to receive credit counseling "during the 180-day period ending on the date of filing of the petition by such individual").

       Kun entered a fee arrangement with debtor for a flat fee of $1,000, plus filing fees, and was paid in three installments prior to the filing of the petition.  Doc. no. 3-1 at 38-39

United States District Court

For the Northern District of California

(Kun declaration).

The Acting United States Trustee moved to dismiss debtor's case on the ground that debtor did not obtain credit counseling within the 180-day statutory period.  Doc. no. 3-1 at 12.  The trustee also moved for disgorgement of fees paid to Kun in connection with debtor's case on the ground that Kun did not properly advise debtor to obtain timely credit counseling and filed the case with a stale credit counseling certificate.  Doc. no. 3-1 at 22.  On October 10, 2012, the bankruptcy court entered an order requiring Kun to disgorge fees in the amount of $1,000 and to pay debtor the amount of $1,000 within ten days of the entry of the order.  Doc. no. 3-1 at 66.  On October 11, 2012, the bankruptcy court entered an order dismissing the case.  Doc. no. 3-2 at 49  (appellee's designation of record on appeal).

On October 24, 2012, Kun filed a notice of appeal from the order to disgorge fees.  Debtor did not appeal from the order of dismissal.

Kun filed the instant motion to stay on January 3, 2013.  The trustee filed a response to the motion to stay on January 16, 2013, and Kun timely filed a reply.

## II.    Legal Standard

 "A stay is not a matter of right, even if irreparable injury might otherwise result[, but] is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citations and internal quotation marks omitted).  The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.  *Id.* at 433-34.  The determination whether to issue a stay is governed by the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

"The first two factors of the traditional standard are the most critical." *Id.* "Regarding the first factor, *Nken* held that it is not enough that the likelihood of success on

2

United States District Court

For the Northern District of California

1   the merits is 'better than negligible' or that there is a 'mere possibility of relief.'"   *Lair v.*
2   *Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434).   To satisfy
3   the first factor and make a strong showing of likelihood of success, the Ninth Circuit
4   requires that "'at a minimum, a petitioner must show that there is a 'substantial case for
5   relief on the merits.'"   *Id.* (quoting *Leiva–Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)
6   (per curiam)).

7        "[T]he second stay factor, 'whether the applicant will be irreparably injured absent a
8   stay,' requires more than 'some possibility of irreparable injury.'"   *Id.* (quoting *Nken*, 556
9   U.S. at 434–35).   "But, in contrast to the first factor, we have interpreted *Nken* as requiring
10  the applicant to show under the second factor that there is a probability of irreparable injury
11  if the stay is not granted."   *Id.* (citing *Leiva–Perez*, 640 F.3d at 968).   "In analyzing whether
12  there is a probability of irreparable injury, we also focus on the individualized nature of
13  irreparable harm and not whether it is 'categorically irreparable.'"   *Id.*   A proper showing
14  regarding irreparable harm is "a necessary but not sufficient condition for the exercise of
15  judicial discretion to issue a stay," regardless of the proof regarding the other stay factors.
16  *Leiva-Perez*, 640 F.3d at 965

17  **III.    Discussion**

18       **A.     Likelihood of Success**

19       Kun has not met his burden to make a strong showing that he is likely to succeed on
20  the merits of his appeal.   Kun relies on *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004) to
21  support his argument that a pre-filing retainer fee, such as the $1,000 paid by debtor here,
22  is an acknowledged practice of the profession and is not part of the bankruptcy estate, and
23  therefore not refundable.   Doc. no. 6 at 3.

24       In *Lamie*, the Supreme Court construed sections 327 and 330 of the Bankruptcy
25  Code, and held that, according to the plain meaning of § 330(a), only attorneys employed
26  under § 327 and approved by the court are entitled to receive compensation from the
27  bankruptcy estate.   540 U.S. at 534-35.   "Sections 327 and 330, taken together, allow
28  Chapter 7 trustees to engage attorneys, including debtors' counsel, and allow courts to

United States District Court

For the Northern District of California

1    award them fees." *Id.* at 537.  The Supreme Court recognized, however, that § 330(a)(1)

2    does not prevent a debtor from paying a bankruptcy attorney in advance of filing a Chapter

3    7 petition.  "It appears to be routine for debtors to pay reasonable fees for legal services

4    before filing for bankruptcy to ensure compliance with statutory requirements.  [Citation

5    omitted.]  So our interpretation accords with common practice.  Section 330(a)(1) does not

6    prevent a debtor from engaging counsel before a Chapter 7 conversion and paying

7    reasonable compensation in advance to ensure that the filing is in order."  *Id.* at 537-38.

8          Kun relies on the advance payment exception, as recognized in *Lamie*, to argue that

9    a prepetition retainer fee cannot be disgorged because it is not part of the bankruptcy

10   estate.  Under *Lamie*, as the bankruptcy court recognized in *In re Blackburn*, 448 B.R. 28,

11   38 (Bankr. D. Idaho 2011), prepetition retainer fees "are not estate property for which § 330

12   approval is required."  The issue of court approval for payment of attorney compensation is

13   not presented here, however.  Rather, the issue presented on Kun's appeal is whether the

14   bankruptcy court had authority to order Kun to return the $1,000 retainer fee as excessive

15   pursuant to § 329.  Kun cites no authority that deprives the bankruptcy court of its authority

16   to order the debtor's attorney to return compensation that exceeds the reasonable value of

17   the services rendered pursuant to 11 U.S.C. § 329(b).

18         Section 329 governs debtor's transactions with attorneys and provides as follows:

19              (a) Any attorney representing a debtor in a case under this title, or in
                connection with such a case, whether or not such attorney applies for
20              compensation under this title, shall file with the court a statement of
                the compensation paid or agreed to be paid, if such payment or
21              agreement was made after one year before the date of the filing of
                the petition, for services rendered or to be rendered in contemplation
22              of or in connection with the case by such attorney, and the source of
                such compensation.
23              (b) If such compensation exceeds the reasonable value of any such
                services, the court may cancel any such agreement, or order the
24              return of any such payment, to the extent excessive, to--
                     (1) the estate, if the property transferred--
25                        (A)   would have been property of the estate; or
                          (B)   was to be paid by or on behalf of the debtor under
26                              a plan under chapter 11, 12, or 13 of this title; or
                     (2) the entity that made such payment.
27

28   11 U.S.C. § 329.

United States District Court

For the Northern District of California

1      In *Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007), the court of appeals

2  held, "Under § 329(b), a bankruptcy court may examine the reasonableness of a debtor's

3  attorney fees and, 'if such compensation exceeds the reasonable value of any such

4  services, the court may cancel any such agreement, or order the return of any such

5  payment, to the extent excessive.'"  In *Hale*, the court found that the bankruptcy court did

6  not abuse its discretion in disgorging the debtors' attorney of his fees where "the only

7  service Hale provided to Debtors was the completion of a bankruptcy petition that was

8  incomplete and erroneous and that required extensive amendments."  *Id.*

9      Here, the bankruptcy court held a hearing on the trustee's motion to disgorge fees,

10  at which the court ordered Kun to refund the $1,000 fee to debtor and reasoned, "Now the

11  question then is whether you have earned any fee, and it's hard for me to imagine a case

12  that shouldn't have been filed, you should be paid."  Doc. no. 3-2 at 39, 41.  The

13  bankruptcy court rejected Kun's argument that the fee payment was not part of the estate,

14  and held that the disgorgement of fees was governed by § 329 as well as Federal Rule of

15  Bankruptcy Procedure 2017.  *Id.* at 39-40, 44.

16      Kun offers no authority for the proposition that being paid his fees prior to filing the

17  Chapter 7 petition would divest the bankruptcy court of its authority under § 329 to order

18  him to return fees that it has determined to be excessive or unreasonable.  In *Lamie*, the

19  Supreme Court expressly recognized that the Bankruptcy Code anticipates such advance

20  fee arrangements, and authorizes the bankruptcy court's oversight of the reasonableness

21  of those fees, by requiring that "debtors' attorneys must disclose fees they receive from a

22  debtor in the year prior to its bankruptcy filing and courts may order excessive payments

23  returned to the estate."  *Lamie*, 540 U.S. at 538 (citing 11 U.S.C. § 329).  Under § 329 and

24  the holding of *Hale*, the bankruptcy court was authorized to order Kun to return the fees

25  upon finding that the fees were unreasonable.

26      Kun also disputes the grounds for dismissal of debtor's bankruptcy case, and

27  contends that § 109(h) is not clear as to whether the debtor must receive credit counseling

28  within the 180 days prescribed by the statute.  Doc. no. 6 at 2.  Kun has not demonstrated

United States District Court

For the Northern District of California

1   that he has standing to challenge the dismissal of the bankruptcy case, which was not

2   appealed.  Nevertheless, Kun cites bankruptcy court authority for the proposition that

3   dismissal is not appropriate where the debtors took credit counseling and thereby complied

4   with the spirit of § 109(h), even though the debtors exceeded the 180-day statutory period.

5   *Id.* (citing *In re Bricksin*, 346 B.R. 497, 502 (Bankr. N.D. Cal. 2006)).  As Kun acknowledges

6   elsewhere, however, the trustee made him aware of the decision of the Bankruptcy

7   Appellate Panel of the Ninth Circuit in *In re Gibson*, 2011 WL 7145612, *3 (B.A.P. 9th Cir.

8   Dec. 1, 2011), which disapproved of the holding in *Bricksin*, finding that "there is no basis

9   for that interpretation of § 109(h)." *See* doc. no. 3-1 at 39 ¶ 7 (Kun declaration).  In

10  *Gibson*, the BAP strictly applied the credit counseling requirement and, finding that "the

11  command of § 109(h) is clear" in requiring credit counseling within 180 days before filing a

12  petition, held that an individual "may not be a debtor" unless she complies with § 109(h).

13  2011 WL 7145612 at *3-4.  Although *Gibson* is an unpublished decision, the court finds it to

14  be well-reasoned, basing its interpretation of § 109(h) on the plain language of the statute.

15  Kun fails to cite *Gibson* or address its reasoning in his papers.

16       Kun therefore fails to show a "substantial case for relief on the merits" in support of

17  his motion to stay.  *Leiva–Perez*, 640 F.3d at 966.

18       **B.    Irreparable Harm**

19       Kun argues that he would suffer irreparable harm if the disgorgement order is not

20  stayed because he would not be able to recover the money later from debtor, who is not a

21  party to this appeal, and the bankruptcy case has been dismissed.  Doc. no. 6 at 3.

22  "Normally the mere payment of money is not considered irreparable, but that is because

23  money can usually be recovered from the person to whom it is paid.  If expenditures cannot

24  be recouped, the resulting loss may be irreparable." *Philip Morris USA Inc. v. Scott*, 131 S.

25  Ct. 1, 4 (2010).  Kun fails to demonstrate that the fees will not likely be recoverable

26  because in dismissing debtor's bankruptcy case, the bankruptcy court expressly reserved

27  jurisdiction to enforce its order to disgorge fees.  Doc. no. 3-2 at 49. If Kun were to prevail

28  on appeal from the order to disgorge fees, the bankruptcy court would retain post-dismissal

United States District Court

For the Northern District of California

jurisdiction over that order.  *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (recognizing that, where a settlement agreement leads to dismissal of the case, bankruptcy court may exercise ancillary jurisdiction to vindicate its authority or effectuate its decree if the court's dismissal order explicitly retained jurisdiction or incorporated the terms of the settlement agreement).  Kun therefore fails to meet his burden of showing a probability of irreparable harm in support of his motion to stay.

### C.    Remaining Factors

As Kun fails to satisfy the first two critical factors under *Nken*, 556 U.S. at 434, it is unnecessary to inquire as to the remaining two factors, i.e., substantial injury to other parties and the public interest.  *See Mount Graham Coalition v. Thomas*, 89 F.3d 554, 558 (9th Cir.1996) (declining to continue analysis of motion to stay pending appeal where moving party failed to satisfy first factor's threshold requirement).

### V.    Conclusion

Kun fails to demonstrate either a likelihood of success on the merits of his appeal or a probability of irreparable harm.  Because Kun has failed to satisfy these critical factors to support a stay of the bankruptcy court's order, the motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated:    January 30, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge